IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | Criminal No.   1:23-MJ-00733-CFH |
| | ) | |
| v. | ) | Stipulation and Order |
| | ) | for Enlargement of Time |
| **DEVON NEWSOME a.k.a. "Nepp,"** | ) | |
| | ) | |
| | ) | |
| **Defendant.** | ) | |

## STIPULATION

The United States of America, by and through its counsel of record, the United States Attorney for the Northern District of New York, and the defendant, Devon Newsome, by and through counsel, Joseph McCcoy, hereby agree and stipulate that the time within which an indictment must be filed under Title 18, United States Code, Section 3161(b), be enlarged to and including sixty (60) days from the date of the order and that such time be excluded, pursuant to Title 18, United States Code, Section 3161(h)(7)(A), from the computation of the time within which an indictment must be filed under the provisions of Title 18, United States Code, Section 3161(b).

1) The chronology of this case is as follows:

    a) Date of complaint: December 11, 2023

    b) Date of initial appearance in N.D. Ga.: December 13, 2023

    c) Date of initial appearance in N.D.N.Y.: January 11, 2024

    d) Defendant custody status: Released on conditions.

        i) Date United States moved for detention: December 13, 2023

        ii) Date of detention hearing: December 13, 2023

        iii) Date detention decision issued: December 13, 2023

2) The parties acknowledge that the period of delay resulting from the defendant's arrest and detention, between December 18, 2023, and January 7, 2024, with respect to other charges under the laws of the State of Georgia, which resulted in the defendant's unavailability to appear before this Court, is excluded from the time within which an information or indictment must be filed pursuant to Title 18, United States Code, Section 3161(h)(1)(B), and 3161(h)(3).

3) The parties acknowledge that the period of delay resulting from the defendant's transfer and removal from the District of Georgia to the Northern District of New York is excluded from the time within which an information or indictment must be filed pursuant to Title 18, United States Code, Section 3161(h)(1)(E).

4) The parties acknowledge that the period of delay resulting from the defendant's transportation from the District of Georgia to the Northern District of New York, between December 13, 2023, and December 23, 2023, is excluded from the time within which an information or indictment must be filed pursuant to Title 18, United States Code, Section 3161(h)(1)(F).

5) The parties have not stipulated to any earlier enlargements of time and exclusions under the Speedy Trial Act.

6) The United States and the defendant request this exclusion based on the following facts and circumstances:

    a) On December 11, 2023, the defendant was charged by criminal complaint with transfer of a firearm to an out-of-state resident, in violation of 18 U.S.C. § 922(a)(5) and 924(a)(2). The defendant was arrested on December 13, 2023, when he made his first appearance in the Northern District of Georgia. At a detention hearing on December 13, 2023, the defendant was

ordered released on conditions; the defendant waived his right to an identity hearing and a preliminary hearing. An initial appearance was originally scheduled for December 21, 2023.

b) After he was released on conditions, on or about December 18, 2023, the defendant was charged and arrested in Clayton County, Georgia, for violations of the laws of the State of Georgia and was ordered detained pending trial. As a result, he was unable to appear on December 21, 2023, as previously scheduled and was unavailable to appear before this Court due to other pending charges. On or about January 7, 2024, the defendant was released from the custody of the state of Georgia.

c) The case arises out of an investigation related to the defendant's alleged transfer of firearms in May 2023. Law enforcement executed a search warrant at the defendant's residence on December 13, 2023, at which time firearms and ammunition, as well as various electronic media were discovered. The electronic media seized at the defendant's residence are currently being reviewed by law enforcement. The case involves complex legal and factual issues related to the alleged transfer of firearms from Georgia to New York.

d) On December 29, 2023, and on January 8, 2024, the government produced pre-indictment discovery to the defense that included more than 700 pages of documents and various multimedia files including records from phone extractions and photographs from relevant searches conducted during the course of the investigation. The government has also made certain physical discovery from the alleged offense, such as the relevant firearms and cell phones, available to defense counsel for review at the government's offices.

e) Defense counsel is reviewing the produced discovery, but additional time is necessary to complete that review. The requested continuance is also necessary for the defendant's counsel to research and understand the complex legal and factual issues related to the defendant's

alleged conduct; to prepare and file any pretrial motions, if appropriate; and engage in plea negotiations with the government, which may dispense with the need for grand jury practice. If the case is not resolved by a plea, the continuance is necessary for the government to prepare for grand jury practice.

7)  The parties stipulate and agree that the ends of justice served by granting this continuance outweigh the best interests of the public and the defendant in a speedy indictment and trial because (1) the facts upon which the grand jury must base a determination are unusual and complex, so it is unreasonable to expect return and filing of an indictment within the period specified in section 3161(b), taking into account the exercise of due diligence pursuant to 18 U.S.C. § 3161(h)(7)(B)(iii); and (2) the failure to grant the requested continuance would unreasonably deny counsel for the defendant the reasonable time necessary for effective preparation, taking into account the exercise of due diligence pursuant to 18 U.S.C. § 3161(h)(7)(B)(iv). The requested continuance allows for reasonable time necessary for the effective preparation by defense counsel to review the evidence with the defendant, so that the defendant may make an informed decision as to whether he wishes to resolve or dispute the charges set forth in the complaint and permits the parties the reasonable time necessary to evaluate the complex and unusual issues of law and fact in this case related to firearms trafficking. For all these reasons, an exclusion under 18 U.S.C. § 3161(h)(7)(A), (h)(7)(B)(iii), and (iv) is appropriate here.

8)  The parties stipulate and agree that the 60-day period from the date of this stipulation shall be excludable under the Speedy Trial Act pursuant to 18 U.S.C. § 3161(h)(7)(A), (h)(7)(B)(iii), and (iv).

The undersigned attorneys affirm under penalty of perjury the accuracy of the facts set forth above and apply for and consent to the proposed order set forth below.

Dated: January 11, 2024

CARLA B. FREEDMAN
United States Attorney

By: _____
Alexander P. Wentworth-Ping
Assistant United States Attorney
Bar Roll No. 701897


_____
Joseph McCcoy, Esq.
Attorney for Devon Newsome
Bar Roll No. 102159


_____
Devon Newsome
Defendant

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | Criminal No.   1:23-MJ-00733-CFH |
| | ) | |
| **v.** | ) | Stipulation and Order |
| | ) | for Enlargement of Time |
| **DEVON NEWSOME a.k.a. "Nepp,"** | ) | |
| | ) | |
| | ) | |
| **Defendant.** | ) | |

## **ORDER**

A.   The Court adopts the stipulated facts set out above as findings and hereby incorporates them into this Order;

B.   The Court has considered its obligation under 18 U.S.C. § 3161(h)(7)(A) to determine whether an extension of time within which the government must file an information or indictment serves the ends of justice in a manner that outweighs both the public interest and the defendant's rights. The Court finds that, pursuant to 18 U.S.C. § 3161(h)(7)(A), the ends of justice served by granting the requested continuance outweigh the best interest of the public and the defendant in a speedy indictment and trial because: (1) defense counsel needs additional time to review the discovery related to this case and made available by the United States and failure to grant a continuance in this case would deny the defendant reasonable time necessary for effective preparation, taking into account the exercise of due diligence, pursuant to 18 U.S.C. § 3161(h)(7)(B)(iv); and (2) the facts of the case are so unusual or complex, due to the nature of the prosecution and the existence of novel questions of law and fact related to firearms trafficking from Georgia to New York, that it is unreasonable to expect adequate preparation for the return and filing of an indictment within the period specified in section 3161(b), taking into account the exercise of due diligence, pursuant to 18 U.S.C. § 3161(h)(7)(B)(iii).

1

2

      BASED ON THE STIPULATED FACTS AND THE COURT'S RELATED FINDINGS, IT IS HEREBY ORDERED that the time within which an indictment must be filed under the provisions of Title 18, United States Code, Section 3161(b), be enlarged to and including 60 days from the date of this Order, and that time be excluded pursuant to Title 18, United States Code, Section 3161(h)(7)(A), from the computation of the time within which an indictment must be filed under the provisions of Title 18, United States Code, Section 3161(b), because the ends of justice served by granting this continuance outweigh the best interest of the public and the defendant in a speedy trial for the reasons stipulated above.

IT IS SO ORDERED.

Dated and entered this _____ day of January, 2024.

                                                                     Hon. Christian F. Hummel
                                                                       U.S. Magistrate Judge